Filed 7/3/24  P. v. Franklin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099919 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F02563) |
| v. | |
| TIMOTHY PRINCE FRANKLIN, | |
| Defendant and Appellant. | |

Defendant Timothy Prince Franklin appeals following his resentencing pursuant to Penal Code[1] section 1172.75.  Defendant contends the trial court abused its discretion by declining to strike a five-year sentence enhancement imposed pursuant to section 667, subdivision (a).  We see no abuse of discretion and affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We described the underlying offenses and procedural background in our decision in defendant's prior appeal, *People v. Franklin* (Dec. 14, 2006, C051778) [nonpub. opn.]: "In March 2001, a 14-year-old neighbor of defendant Timothy Prince Franklin let him into her home. When she dropped some coins onto the floor, defendant scooped them up. The girl reached for her coins, but he grabbed her legs, causing her to fall to the floor. Defendant then repeatedly pulled up the girl's shirt, licked her breasts, pulled down her pants, licked her vagina, and put his penis in her vagina.

"A jury convicted defendant of rape, sexual battery, and the commission of a lewd act on a 14-year-old victim. The jury also found defendant had a prior serious felony conviction (strike) and had served two prior prison terms. He was sentenced to . . . prison for an aggregate term of 32 years . . . four months. He appealed, and this court affirmed the judgment.

"In May 2005, the trial court granted defendant's petition for writ of habeas corpus, ordering resentencing because the [trial] court had imposed a fully consecutive term for the rape even though the controlling statute did not mandate such a term ( . . . § 667.6, subd. (d) . . . ), and the court did not state any separate reason supporting its discretionary choice of that term.

"At resentencing in January 2006, defendant was committed to . . . prison for the same term, 32 years . . . four months. The trial court imposed a second-strike (doubled) term of [eight] years for sexual battery and consecutive terms of 16 years for rape, 16 months for the lewd act, five years for having the prior strike, and two years (one each) for having served two prior prison terms." (*People v. Franklin*, *supra*, C051778, fns. omitted; see also *People v. Franklin* (Aug. 22, 2003, C040922) [nonpub. opn.].)

In July 2023, the trial court issued an order informing the parties that the Department of Corrections and Rehabilitation had identified defendant as eligible for resentencing pursuant to section 1172.75. The parties agreed that section 1172.75 had

repealed the two one-year sentence enhancements and required the trial court to strike them and resentence defendant, but the parties disagreed about how the court should exercise its discretion pursuant to current sentencing laws.

Defendant argued the trial court should: (1) strike the jury's finding that defendant had a prior serious felony conviction—for a 1984 burglary—because it was remote from the offenses in this case; (2) alternatively, strike the five-year enhancement for the prior serious felony conviction because of the applicable mitigating circumstances in section 1385, subdivision (c)(2) and because defendant is not likely to endanger public safety; and (3) impose middle-term sentences instead of upper-term sentences.

The prosecution argued the trial court should reimpose the same sentence after striking the two repealed enhancements because: (1) dismissing the prior serious felony finding would not be in the interests of justice; (2) dismissing the five-year enhancement would endanger public safety and would not serve the interests of justice; and (3) defendant's criminal history and probation and parole violations justify upper-term sentences.

At the hearing, the trial court struck the two one-year sentence enhancements. The court declined to strike the prior serious felony finding, however, because "defendant took advantage of a position of trust of his 14-year-old neighbor, and he violently raped her"; "he had previously tried to rape another young girl"; he committed three additional felonies between the burglary and the rape that resulted in prison sentences; and he was on parole after one of those prison terms when he committed the rape. The court also declined to dismiss the five-year enhancement because dismissing the enhancement would endanger public safety. Finally, the trial court determined that upper-term sentences were appropriate, noting that section 1172.75, subdivision (d)(4) did not require any additional findings to reimpose upper-term sentences.

Accordingly, the trial court imposed an aggregate prison sentence of 30 years four months, comprising of four years for sexual battery, doubled due to the prior serious

3

felony finding; a consecutive term of eight years for rape, also doubled; and a consecutive term of eight months for committing a lewd act on a 14-year-old victim, also doubled; plus, a consecutive five-year enhancement for the prior serious felony finding.

Defendant appeals.

## DISCUSSION

On appeal, defendant maintains only one of his arguments from the trial court, contending that the trial court abused its discretion when it declined to dismiss the five-year enhancement imposed pursuant to section 667, subdivision (a)(1). We see no abuse of discretion.

Section 1385, subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Subdivision (c)(2) of section 1385 guides courts in exercising their discretion under subdivision (c) by, among other things, instructing courts that the presence of certain enumerated mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The statute further specifies: " 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

We review the trial court's determination for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) On appeal, we will affirm as long as the court exercised that discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence

4

will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) The trial court's " ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id.* at p. 377.) In other words, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*)

As an initial matter, we reject defendant's contention that the trial court failed to apply the clear and convincing evidence standard from section 1172.75, subdivision (d)(1). That standard only applies if the trial court decides not to resentence defendant to "a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Here, the trial court struck two one-year enhancements and otherwise imposed the same sentence as originally imposed. Because the trial court imposed a lesser sentence—two years shorter than the sentence originally imposed—subdivision (d)(1) does not apply.

Turning to the merits of the trial court's decision not to dismiss the five-year enhancement, the trial court did not give great weight to the mitigating factors listed in section 1385, subdivision (c)(2) because it found that dismissing the enhancement would endanger public safety. Defendant argued that his age, poor physical condition, and rehabilitation while incarcerated make it unlikely he could cause physical injury or serious danger to others. The court rejected these arguments.

First, the trial court noted that defendant's evidence of the accommodations he receives in prison—a bottom bunk, ground floor housing, and a cane—did not address his physical condition in detail and did not explain the significance of his medical condition for determining whether he endangers public safety. Second, the court found defendant's evidence of rehabilitation lacking. Specifically, defendant did not have any disciplinary record, had received a certificate of achievement for a fitness quiz and a certificate of completion for a program about the environment, and completed two community college courses. The court found that, "[f]or an individual who has spent 20 years in prison, this

5

is not an impressive display of positive post-conviction behavior." The court also found it "extremely notable" that defendant had not participated in any programming to address the "antisocial behavior" that "landed him in prison in the first place." This indicated to the court that defendant "continues to fail to take responsibility for his conduct" and remains a danger to public safety.

The trial court's reasoning is not irrational or arbitrary. Reasonable people might disagree about the magnitude of the danger defendant poses, but that does not make the trial court's determination that "there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others" an abuse of discretion. (§ 1385, subd. (c)(2).) It is not irrational or arbitrary to determine someone with a history of violent sexual offenses against children would likely continue to pose a danger, especially when defendant has not received any treatment or programming targeted towards his sexual offenses and nothing in the record suggests defendant's medical conditions are serious enough that he would be physically unable to harm children. In short, defendant has failed to demonstrate that the trial court's "decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.) Accordingly, we conclude the trial court did not abuse its discretion in finding that dismissal of the enhancement would endanger public safety.

DISPOSITION

The judgment is affirmed.


/s/                                    
ROBIE, J.



We concur:



/s/                                    
EARL, P. J.



/s/                                    
FEINBERG, J.

7